THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 1, 2020

## MICHAEL A. RODGERS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County
No. C-19-132    Kyle C. Atkins, Judge**

_____

### No. W2020-00667-CCA-R3-PC

_____

The Petitioner, Michael A. Rodgers, appeals from the Madison County Circuit Court's dismissal of his petition for post-conviction relief from his convictions for possession of heroin with intent to deliver and possession of methamphetamine with intent to deliver and his effective sentence of twenty-two years as a Range III, persistent offender.  On appeal, the Petitioner contends that the post-conviction court erred in denying relief on his ineffective assistance of trial counsel claim.  We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and TIMOTHY L. EASTER, JJ., joined.

Alexander D. Camp, Jackson, Tennessee, for the appellant, Michael A. Rodgers.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Jody S. Pickens, District Attorney General; Alfred L. Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Petitioner's convictions resulted from the stop of a vehicle driven by the Petitioner's codefendant, Brandi Eatman, in which the Petitioner was a passenger.  During a subsequent search, 9.7 grams of methamphetamine, .08 gram of heroin, and $819 were found on the Petitioner.  *State v. Michael Anthony Rodgers*, No. W2017-01254-CCA-R3-CD, 2018 WL 4043495, at *1 (Tenn. Crim. App. Aug. 24, 2018), *perm. app. denied* (Tenn. Jan. 18, 2019).  The Petitioner's convictions were affirmed on appeal.  *Id.*  On May 14, 2019, the Petitioner filed a pro se petition for post-conviction relief.  Appointed counsel filed an amended petition, and a post-conviction hearing was held on March 16, 2020.

Although the petition contained multiple ineffective assistance of counsel claims, we have limited the hearing testimony summary and our analysis to the issues raised on appeal.

At the post-conviction hearing, the Petitioner testified that trial counsel had one week to prepare for the trial and that counsel met with the Petitioner once before the trial. The Petitioner said that he did not believe counsel spent adequate time investigating and preparing for the trial. The Petitioner said that he asked counsel to investigate the evidence but that counsel did not. The Petitioner said that he told counsel he wanted to testify at the trial to explain that the Petitioner possessed the drugs for personal use because he was an "addict," and that the Petitioner did testify. The Petitioner said that counsel did not discuss trial strategies or sentencing range with him.

The Petitioner testified that had trial counsel discussed the sentencing range with him, the Petitioner would have changed his defense strategies for trial. The Petitioner said that he did not understand that his sentence range would affect his sentence and did not know he could receive a twenty-two-year sentence. The Petitioner said that counsel did not meet with him before sentencing to discuss mitigating evidence and failed to present mitigating evidence at his sentencing hearing. The Petitioner explained that the first time he understood his sentencing range was at the sentencing hearing. The Petitioner testified that if counsel had told him he was a Range III offender, he would have pleaded guilty.

Trial counsel testified that he was appointed to Petitioner's case in April of 2016 and that the Petitioner's trial was in July. Counsel said that the district attorney's office had an "open file" discovery process and that he obtained discovery regarding the Petitioner's case. Counsel said that he reviewed the discovery and entered plea negotiations with the State. He said that he visited the Petitioner at the jail and discussed the discovery and the State's guilty plea offer with the Petitioner. Counsel said that he told the Petitioner about potential sentencing range. Counsel said that he advised the Petitioner to plead guilty to receive a lesser sentence but that the Petitioner insisted on proceeding with a trial. Counsel said the initial offer from the State "was an 8 or a 10-year sentence to serve" but shortly before trial the offer "had been reduced to time served." Counsel said he repeatedly informed the Petitioner about the length of his potential sentence if he went to trial and were convicted but that the Petitioner refused to accept a plea offer and to enter a guilty plea.

At the conclusion of the hearing, the post-conviction court found that the Petitioner had received the effective assistance of trial counsel. The court credited counsel's testimony and found that counsel's performance did not fall below an "objective standard of reasonableness." The court entered an order dismissing the petition. This appeal followed.

On appeal, the Petitioner contends that the post-conviction court erred by concluding that the Petitioner received the effective assistance of trial counsel. The Petitioner argues that counsel was deficient by meeting with the Petitioner only twice before the trial and by not informing the Petitioner about the possible sentencing range. The Petitioner argues that if he had conferred with counsel an appropriate amount of time and if counsel had informed him of his potential sentencing range, the outcome of the case would have been different. The State responds that the post-conviction court did not err in denying relief. We agree with the State.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2012). A petitioner has the burden of proving his factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f) (2012). A post-conviction court's findings of fact are binding on appeal, and this court must defer to them "unless the evidence in the record preponderates against those findings." *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *see Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's application of law to its factual findings is subject to a de novo standard of review without a presumption of correctness. *Fields*, 40 S.W.3d at 457-58.

To establish a post-conviction claim of the ineffective assistance of counsel in violation of the Sixth Amendment, a petitioner has the burden of proving that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993). The Tennessee Supreme Court has applied the *Strickland* standard to an accused's right to counsel under article I, section 9 of the Tennessee Constitution. *See State v. Melson*, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A petitioner must satisfy both prongs of the *Strickland* test in order to prevail in an ineffective assistance of counsel claim. *Henley*, 960 S.W.2d at 580. "[F]ailure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). To establish the performance prong, a petitioner must show that "the advice given, or the services rendered . . . are [not] within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975); *see Strickland*, 466 U.S. at 690. The post-conviction court must determine if these acts or omissions, viewed in light of all of the circumstances, fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. A petitioner "is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy by his counsel, and cannot criticize a sound, but unsuccessful, tactical decision." *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *see Pylant v. State*, 263 S.W.3d 854, 874 (Tenn. 2008). This deference, however, only applies "if the choices are informed . . . based upon adequate preparation."

*Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). To establish the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

The post-conviction court concluded that the Petitioner failed to prove his claims, and the record supports the court's determination. Trial counsel's credited testimony was that he reviewed the discovery with the Petitioner, met with the Petitioner on numerous occasions, discussed trial strategy with the Petitioner, informed the Petitioner of sentencing range, and negotiated a plea agreement on behalf of the Petitioner, which would have resulted in a time-served sentence. The Petitioner declined to plead guilty and chose to proceed to trial. The Petitioner is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE